UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

**FRANCISCO LAGOS MARMOL**; and
**FERNANDO VAN PEBORGH**,

    Plaintiffs,                                   **Jury Trial Demanded**

v.

**KALONYMUS DEVELOPMENT PARTNERS LLC,**
a Delaware limited liability company

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Francisco Lagos Marmol, and Fernando Van Peborgh ("Plaintiffs") sue Defendant, Kalonymus Development Partners LLC ("Defendant"), and state:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for declaratory judgment relating to the parties' rights and obligations in connection with the purchase of the membership interest in Best Peacock Inn, LLC, a Florida limited liability company which owns certain real property.

2. Plaintiff Francisco Lagos Marmol ("Marmol") is an individual and is a citizen of Uruguay.

3. Plaintiff Fernando Van Peborgh ("Van Peborgh") is an individual and is a citizen of Uruguay.

4. Defendant Kalonymus Development Partners, LLC is a Delaware limited liability company.

5. Upon information and belief, Kalonymus Development Partners, LLC's sole member, Maximilian Zeff, is an individual and a citizen of the State of California.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the Plaintiffs are citizens of a foreign state and Defendant is a citizen California, or one of the other 49 states, and the amount in controversy exceeds $75,000, exclusive of costs, interest and attorneys' fees.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in this judicial district. Additionally, the relevant agreement between the parties provides that any dispute arising thereunder shall be brought in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

**I.   The Parties Enter into the Membership Purchase Agreement**

8. Marmol and Van Peborgh each own a 50% membership interest in Best Peacock Inn, LLC ("Best Peacock Inn"), a Florida limited liability company.

9. Best Peacock Inn is the owner of real estate located at 3677 Poinciana Avenue, Miami, Florida 33133 (the "Poinciana Property").

10. In 2021, prior to entering into the agreement at issue in this case, Defendant expressed an interest in acquiring the Poinciana Property. At the time, neither Best Peacock Inn nor the Poinciana Property were for sale.

11. Nevertheless, Defendant was informed Plaintiffs would consider a cash offer made by Defendant.

12. Subsequently, on or about June 28, 2021, the parties entered into a Membership Purchase Agreement (the "Agreement") by which Defendant would purchase from Plaintiffs 100% of their membership interest in Best Peacock Inn. *See* **Exhibit A**, Membership Purchase

Agreement.

13.     The agreed-upon purchase price for the transaction, as set forth in Section 2.2 of the Agreement, was "the sum of Five Million Four Hundred Fifty Thousand ($5,450,000.00) Dollars (the "Purchase Price")." Agreement § 2.2.

14.     The Agreement specifically provided that the transaction was to be a cash deal. *See* Agreement §§ 2.2, 3.2, & 5.1(f).

15.     Under the Agreement, closing was to take place thirty (30) days following the last day of the Inspection Period. *See* Agreement § 2.3. Because the parties extended the initial Inspection Period through September 8, 2021, the closing was to take place on or before October 8, 2021.

## II.     The Transaction Does Not Close On October 8, 2021 As Originally Planned

16.     The Poinciana Property has an existing mortgage.

17.     At some point in October 2021, Plaintiffs learned that the lender holding the mortgage on the Poinciana Property would not, or could not, provide a payoff and satisfaction of mortgage in time for the October 8, 2021 closing. Indeed, the mortgage contains a provision requiring that payoffs and satisfactions of mortgage be issued only within the first quarter of a given year (i.e., January through March).

18.     Because of the provision in the Poinciana Property's mortgage that restricted payoff before January 1, 2022, Plaintiffs could not deliver Affidavits required under Sections 3.1(k) & (l) of the Agreement attesting that the existing mortgage on the property would be satisfied at Closing. *See* Agreement §§ 3.1(k) & (l).

19.     As a result, Plaintiffs were unable to close on October 8, 2021 for reasons outside of their control.

**III.    The Parties' Actions Following the October 8, 2021 Failure to Close**

20.     Plaintiffs nonetheless continued to prepare for closing so that the transaction could close at the first available opportunity given the timing constraints presented by the Poinciana Property mortgage (i.e., in early January 2022, or soon thereafter).

21.     Under the Agreement (and Florida law), Defendant had two available remedies for Plaintiffs' failure to close on October 8, 2021: (1) it could terminate the Agreement and receive the return of its deposit; or (2) proceed to enforce the Agreement, without waiving Defendant's right to recover damages in the event of a default by Plaintiffs. *See* Agreement § 8.2.

22.     Defendant notified Plaintiffs they were in default and elected to enforce the Agreement.

23.     Indeed, on December 20, 2021, Defendant filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida seeking specific performance of the Agreement and damages resulting from Plaintiffs' failure to close.

24.     In the Complaint, Defendant unequivocally stated (actually, misrepresented) it is prepared to pay the Purchase Price and is otherwise ready, willing and able to perform its obligations under the Agreement.

25.     Defendant also demanded that Plaintiffs be required to convey the 100% of the Membership Interest in Best Peacock Inn pursuant to the terms of the Agreement and that closing be set within a reasonable time.

26.     As to damages, Defendant claimed the delay in closing would result in (1) increased transaction fees and interest rates on Defendant's independent financing deal; and (2) lost rental income to the Defendant for the leasing of the various properties owned by Best Peacock Inn. *See id.* at 5.

27. The day after the complaint was filed, on or about December 21, 2021, Plaintiffs immediately informed Defendant (through their respective attorneys) that they were ready, willing and able to close at the earliest possible opportunity and proposed a closing date of January 2, 2022. Defendant did not respond.

28. Plaintiffs, still attempting to proceed to closing in good faith, nonetheless executed some of the closing documents and sent copies to Defendant on January 5, 2022.

29. This time, Defendant affirmatively rejected Plaintiffs' attempt to close. Defendant stated it would only close if Plaintiffs discounted hundreds of thousands of dollars from the Purchase Price or paid it $1,000,000.00 to terminate the Agreement, as set forth in a November 12, 2021 letter to Plaintiffs.

30. Plaintiffs attempted one last time to close and persuade Defendant to honor the Agreement.

31. On February 16, 2022, Plaintiffs' undersigned counsel issued a letter to Defendant requesting, among other things, that Defendant immediately provide a proposed closing date in writing so the parties could close on or before March 15, 2022. *See* **Exhibit B**, J. Cuza Feb. 16, 2022 Letter.

32. In response, Defendant again chose to materially breach the Agreement and stated it was only willing to close so long as Plaintiffs agreed to a $1,150,000.00 million dollar reduction in the Purchase Price of the property.

33. In light of Defendant's repeated breaches of the Agreement, Plaintiffs have elected to terminate the Agreement, not proceed to closing, and retain Defendant's deposit as liquidated damages, as Plaintiffs are entitled. *See* Agreement § 8.1.

## CAUSES OF ACTION

### COUNT I — DECLARATORY JUDGMENT

34.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through 33 above as if fully set forth herein.

35.   Because a controversy exists between Plaintiffs and Defendant as to their respective rights and obligations with respect to the Agreement and in connection with the sale of the membership interest in Best Peacock Inn, Plaintiffs request a declaratory judgment finding each of the following:

   a. Following Plaintiffs' failure to close on October 8, 2021, Defendant elected to continue with and enforce the Agreement rather than terminate it.

   b. By electing to continue the Agreement and seeking to enforce it despite Plaintiffs' alleged initial breach for failure to close on October 8, 2021, the obligations of both Plaintiffs **AND** Defendant under the Agreement remained in force as of December 20, 2021 and through February 22, 2022.

   c. However, on or about February 22, 2022, Defendant anticipatorily repudiated and/or breached its obligations under the Agreement when it unequivocally refused to proceed to closing and further perform unless Plaintiffs agreed to a different purchase price.

   d. Because Defendant breached and/or anticipatorily breached the Agreement, Plaintiffs may terminate the Agreement and are not obligated to continue to perform under the Agreement.

   e. Because Defendant breached and/or anticipatorily breached the Agreement, Plaintiffs' election to terminate the Agreement and retain Defendant's deposit as a

      result of Defendant's material breach is consistent with Plaintiffs' legal rights and all applicable law.

    f. Because Defendant breached and/or anticipatorily breached the Agreement, any and all damages suffered by Defendant for not acquiring the Membership Interest in Best Peacock Inn or the termination of the Agreement were caused by Defendant itself.

    g. As the prevailing party, Plaintiffs are entitled to attorneys' fees and costs. *See* Agreement § 8.3.

36. A declaration is necessary and appropriate so that Plaintiffs and Defendant may ascertain their respective rights and obligations with respect to the Agreement and in connection with the purchase of the membership interest in Best Peacock Inn.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1. For the declaration specified in Count I herein;

2. For an order enjoining Defendant from taking any actions inconsistent with the declarations specified in Count I herein;

3. For an order directing Defendant to pay all of Plaintiffs' attorneys' fees and costs; and

4. For such further and additional relief as the Court deems appropriate under the circumstances, as may be proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues so triable.

Dated: March 8, 2022                                   Respectfully submitted,

                                                       HOLLAND & KNIGHT LLP
                                                       701 Brickell Avenue, Suite 3300
                                                       Miami, Florida 33131

                                                       By: *s/Jesus E. Cuza*
                                                       Florida Bar No. 428991
                                                       Email: jesus.cuza@hklaw.com
                                                       Annelise Del Rivero
                                                       Florida Bar No. 1003234
                                                       Email: annelise.delrivero@hklaw.com