United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Lagos Marmol and <br> Fernando Van Peborgh, Plaintiffs, <br><br> v. <br><br> Kalonymus Development Partners, <br> LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20703-Civ-Scola <br> ) <br> ) <br> ) <br> ) |
| Kalonymus Development Partners, <br> LLC, Plaintiff, <br><br> v. <br><br> Francisco Lagos Marmol and <br> Fernando Carlos Van Peborgh, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 22-20881-Civ-Scola <br> ) (Consolidated Case) <br> ) <br> ) <br> ) |

**Order on Unopposed Motion for Costs**

This matter is before the Court on Kalonymus Development Partners LLC's verified bill of costs and affidavit (ECF Nos. 176, 177). Kalonymus, as the prevailing party in these two consolidated cases, seeks $8,116.30 in costs. The request is unopposed. As set forth below, the Court **grants in part, and denies in part** Kalonymus's motion (**ECF No. 176**).

Absent legal authority to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs will be awarded to the prevailing party, the Court may nevertheless exercise its discretion in doing so. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (recognizing a district court's discretion in awarding costs to a prevailing party). Further, even if the request is unopposed, the Court should nonetheless independently review the costs sought to determine whether they are indeed recoverable and reasonable. *See Collazo v. Progessive Select Ins. Co.*, 20-CV-25302, 2022 WL 18144067, at *2 (S.D. Fla. Dec. 19, 2022) (Goodman, Mag. J.) ("[T]he Court is still limited to taxing only those costs specifically authorized by statute."), *rep. and rec. adopted sub nom. Collazo v. Progressive Select Ins. Co.*, 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023) (Scola, J.).

As a starting point, the Court finds the state-court filing fees of **$425.05** that Kalonymus seeks, in the 22-20881-Civ-RNS case (removed by Francisco Lagos Marmol and Fernando Van Peborgh), reasonable and recoverable. *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, 8:11-CV-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("[F]iling fees, including ones paid to the state court prior to removal, are taxable.").

Next, Kalonymus seeks $240 in costs associated with serving four summonses. "In the Eleventh Circuit, service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Gould v. Carnival Corp.*, 19-CV-20289, 2022 WL 742737, at *4 (S.D. Fla. Mar. 10, 2022) (Goodman, Mag. J.). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served . . . plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Although two of Kalonymus's process-server invoices exceed $65, it seeks only $65 for each of those bills. And the other two invoices are only for $55 each. Accordingly, the Court finds all **$240** in service fees reasonable and recoverable.

Lastly, Kalonymus has submitted six invoices through which it seeks $7,451.25 in costs for printed or electronically recorded transcripts. One of the invoices Kalonymus provides is from Veritext Legal Solutions, apparently for services related to an unspecified transcript, for $1,406.78, but there is no indication as to what aspect of the litigation or testimony the transcript pertains. (Inv. 6496913, ECF No. 177-2, 13.) Because this leaves the Court unable to determine whether any of these charges were "necessarily obtained

for use in the case," this invoice is disallowed in its entirety. Similarly, Kalonymus has submitted an invoice from DLE Court Reporters, charging $2,400 for what appear to be translations of Kalonymus's complaint and two of its exhibits and an associated apostille. (Inv. 17020, ECF No. 177-2, 8.) But nothing on this invoice or in any of Kalonymus's filings indicates that the invoice is associated with any transcripts or depositions in this case. Additionally, to the extent Kalonymus meant to seek this cost under § 1920(6), which provides for costs for certain interpreter services, this category "does not include the cost of document translation." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012). This cost then is also disallowed.

Of the four remaining invoices, the Court notes that three of them identify fees charged for expedited services. But expedited services or transcripts are typically only recoverable if the party seeking the costs demonstrates that the expedited rate was necessary. *See Gould*, 2022 WL 742737 at *7 (noting that "fees for expedited or condensed transcripts are considered to be merely for the convenience of counsel and therefore are not recoverable") (cleaned up). Because Kalonymus fails to make any showing that the invoiced expedited services were necessary—or even mention them at all—the Court declines to award costs for those expenses. Accordingly, the Court disallows $418.95 for the amount charged for two-day expediting of the transcript for Maximilian Zeff (ECF No. 177-2, 9); and disallows $895.50 and $548.87 for the amounts charged for "Expedited Legal Support Services," related in some way to Marmol and Peborgh's depositions (respectively) (ECF No. 177-2, 10, 11).[1]

The remaining costs, for the non-expedited aspect of the transcript of Kolonymus's corporate representative's deposition (**$731.80**) and the transcript for its expert's deposition (**$1,049.35**), however, appear warranted. The Court has no difficulty concluding that the depositions and transcripts of each of these deponents, both key witnesses in the trial, were necessarily obtained for use in this case.

In sum then, consistent with the above, the Court finds that, of the $8,116.30 in costs sought, $5,670.10 is disallowed ($418.95, $895.50, and $548.87 in unexplained expedited-services fees; $1,406.78 for the non-

---

[1] Because these invoices are non-itemized, the Court has no way of determining whether there are taxable costs included in these lump sums or whether the costs were, instead, for purely expedited services, all of which may have been incurred only for the convenience of counsel. Accordingly, the Court declines to award these costs in their entireties. *See Carroll v. Carnival Corp.*, 16-20829-CIV, 2018 WL 1795469, at *5 (S.D. Fla. Feb. 6, 2018), *report and recommendation adopted as modified,* 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018) (Goodman, Mag. J.) ("[T]he party seeking costs must . . . provide sufficient descriptions and supporting documentation to facilitate meaningful review.") (noting that "potentially recoverable costs" can be denied "where the requesting party did not provide invoices detailing the costs").

itemized, non-identified invoice; and $2,400 for the translated-complaint invoice), leaving an award of $2,446.20 in costs. Accordingly, the Court awards **$2,446.20** in taxable costs, plus interest from the date of final judgment, to Kalonymus to be paid by Marmol and Peborgh.

**Done and ordered**, in Miami, Florida, on December 18, 2023.

_____
Robert N. Scola, Jr.
United States District Judge