United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Lagos Marmol and Fernando Van Peborgh, Plaintiffs, <br><br> v. <br><br> Kalonymus Development Partners, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20703-Civ-Scola <br> ) <br> ) <br> ) |

| | |
|---|---|
| Kalonymus Development Partners, LLC, Plaintiff, <br><br> v. <br><br> Francisco Lagos Marmol and Fernando Carlos Van Peborgh, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20881-Civ-Scola <br> ) (Consolidated Case) <br> ) <br> ) <br> ) |

**Order Adopting Magistrate Judge's Report and Recommendations Regarding Prejudgment Interest**

  This matter was referred to United States Magistrate Judge Jonathan Goodman, for a report and recommendations on Plaintiff Kalonymus Development Partners, LLC's (the "Buyer") motion seeking clarification that it was awarded $161,728.12 in prejudgment interest through the Court's final judgment. (Buyer's Mot., ECF No. 183.) Thereafter, Judge Goodman issued a report, recommending that the Court largely deny the motion. (Rep. of Magistrate, ECF No. 214.) The Buyer has partially objected to the report and recommendations (Buyer's Objs., ECF No. 216) and Defendants Francisco Lagos Marmol and Fernando Carlos Van Peborgh (the "Sellers") have responded to those objections (Sellers' Resp. to Objs., ECF No. 219). The Court has reviewed—de novo—the entirety of Judge Goodman's report, the record, the briefing, and the applicable law, and **overrules** the Buyer's objections (**ECF No. 216**), **adopting** Judge Goodman's report and recommendations (**ECF No. 214**) in full, finding it cogent and compelling, thus **granting in part and denying in part** the Buyer's motion (**ECF No. 183**).

  For the most part, Judge Goodman agreed with the Buyer that, at least conceptually, the Buyer is entitled to prejudgment interest on its damages. On the other hand, Judge Goodman found the Buyer's assertion, that prejudgment interest should be applied starting with the original, October 2021

closing date, unsupported. Indeed, as to the Buyer's cost-of-capital, duplicate-expenses, and lost-tax-savings damages, Judge Goodman determined that, due to the Buyer's failure to provide any record evidence as to when those damages were actually incurred, prejudgment interest should be awarded only as of the date of the verdict. In contrast, Judge Goodman found that the dates of loss on the Buyer's lost profits ($175,028 of its $1,553,245 total damages) are readily ascertainable from the record—noting that the verdict itself set forth that those losses accrued over time, on a monthly basis, between October 2021 and the September 2023 trial.

In sum, then, Judge Goodman recommends that the Court award the Buyer prejudgment interest on its lost profits (also referred to as net rental income) in the same manner as the monthly net rental would have been received and prejudgment interest on the remaining damages (cost of capital, duplicate expenses, and lost tax savings) from the date of the verdict to the date of the final judgment (which amounts to fifteen days).

In objecting, the Buyer targets only that part of Judge Goodman's report addressing the prejudgment interest due on the Buyer's cost-of-capital damages (amounting to $1,322,850 of the total damages awarded). The Buyer maintains, as it did in its motion briefing, that prejudgment interest on those damages should run from the date of the breach (October 2021) until judgment (October 2023) and not just the fifteen days between the verdict and the judgment. (Buyer's Objs. at 3–4.) In support, however, the Buyer introduces a new theory: because of "the cloud of uncertainty" that the Sellers' breach cast, the Buyer "miss[ed] out on the opportunity to deploy capital in the amount of $1,322,850—the cost of capital—while the dispute was ongoing." (*Id.* at 4.) That is, says the Buyer, it "could not receive the benefit of putting this capital to productive use without knowing when the closing would occur as a result of the Sellers' breach." (*Id.*)

The Buyer's argument is problematic. First, the Buyer once again fails to identify any record evidence that supports its claim. And second, this is an entirely new theory that was never presented to Judge Goodman in the first instance. Accordingly, raising the argument now, for the first time, especially when the Buyer doesn't associate its position with any specific error in the report, is improper. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Accordingly, the Court overrules the Buyer's objections.

In adopting Judge Goodman's report and recommendations in its entirety then, the Court clarifies that the final judgment's award of "all interest due" includes prejudgment to the Buyer on: its lost profits—calculated on a monthly

basis—in the amount of $9,487.29; and fifteen days of prejudgment interest to the Buyer for the remainder of its damages (cost of capital, duplicate expenses, and lost tax saving) in the amount of $4,385.54 (the total of $4,209.33, $130.96, and $45.25, respectively).[1] To summarize then, the prejudgment interest due to the Buyer, under the final judgment, totals **$13,872.83**.

**Done and ordered** in Miami, Florida, on June 12, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The Buyer supplied these figures, at Judge Goodman's direction, in its objections, supported by calculations attached to its filing. (Buyer's Objs. at 5; Ex. A, ECF No. 216-1.) The Sellers did not dispute these sums or calculations.