United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Francisco Lagos Marmol and Fernando Van Peborgh, Plaintiffs, | ) ) ) ) ) ) ) | Civil Action No. 22-20703-Civ-Scola |
| v. | | |
| Kalonymus Development Partners, LLC, Defendant. | | |

---

| | | |
|---|---|---|
| Kalonymus Development Partners, LLC, Plaintiff, | ) ) ) ) ) ) ) ) | Civil Action No. 22-20881-Civ-Scola (Consolidated Case) |
| v. | | |
| Francisco Lagos Marmol and Fernando Carlos Van Peborgh, Defendants. | | |

### Order Denying Motion to Discharge Notice of Lis Pendens as Moot

Previously, the Court granted partial summary judgment in favor of Kalonymus Development Partners, LLC (the "Buyer"), finding, among other things, the Buyer entitled to Francisco Lagos Marmol and Fernando Carlos Van Peborgh's (the "Sellers") specific performance of a real-estate transaction involving property located at 3677 Poinciana Avenue in Miami, Florida (the "Property"). (Summ. J. Order, ECF No. 137, 18.) After a trial on damages was held, the Court entered a judgment requiring the parties, as to specific performance, to close on the sale of the Property, by November 27, 2023. (Final J., ECF No. 163 ¶ 3, ECF No. 163, 2.) The Sellers appealed on November 3, 2023, no stay of the judgment was entered, and the parties consummated the sale of the Property on November 27, as ordered. (Buyer's Mot. to Discharge, ECF No. 226, 3.) The appeal is fully briefed, the Eleventh Circuit held oral argument in May 2025 and ordered supplemental briefing regarding mootness as to the specific-performance aspect of the appeal, and the appeal remains pending. The Buyer now asks the Court to discharge the Sellers' notice of lis pendens, purportedly encumbering the Property. (Buyer's Mot., ECF No. 226) The Sellers oppose the discharge (Sellers' Resp., ECF No. 232) and the Buyer has timely replied (Buyer's Reply, ECF No. 235). After careful review, the Court **denies** the Buyer's motion (**ECF No. 226**) **as moot**.

The Buyer argues the Court should discharge the lis pendens for two principal reasons: (1) the Sellers have no ownership interest in the Property; and (2) the Sellers represented that they were transferring title of the Property to the Buyer free and clear of any defects. (Buyer's Mot. at 5–8.) In opposition, the Sellers maintain (1) the Court lacks jurisdiction over the lis pendens while this case is pending before the Eleventh Circuit; (2) judicial economy considerations militate in favor of the Court's declining to evaluate the motion; and (3) the lis pendens is valid and cannot be discharged. (Sellers' Resp. at 4–10.)

As it must, the Court tackles the jurisdictional issue first. "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). On the other hand, the filing of an appeal does "not divest the district court of jurisdiction over collateral matters not affecting the questions presented on appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001). For example, "a district court retains jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *U.S. v. Peck*, No. 2:20-CR-00185-HCN, 2023 WL 2352835, at *2 (D. Utah Mar. 3, 2023) (cleaned up), *aff'd,* 139 F.4th 1158 (10th Cir. 2025). And, similarly, "the filing of a notice of appeal does not deprive a district court of jurisdiction over a motion to stay its judgment." *Naples Pride, Inc. v. City of Naples*, No. 2:25-CV-291-JES-KCD, 2025 WL 1507062, at *2 (M.D. Fla. May 27, 2025) (citing *Rakovich v. Wade,* 834 F.2d 673, 674 (7th Cir. 1987)).

So, as a starting point, the Court must determine whether a motion to discharge a lis pendens encumbering the Property is a collateral matter, not affecting the questions presented on appeal. The Court agrees with the Buyer that this is, indeed a collateral matter. By its terms, the lis pendens provides notice that the Sellers "are asking for a [c]ourt order instructing those holding any interest in . . . the Property to, among other things, return . . . the Property to [the Sellers]." (Not. of Lis Pendens ¶ 5, ECF No. 226-2, 2.) As such, the Court does not find the Buyer's motion to "raise any issue concerning the merits of a claim," and there is no indication that the court may "cancel [the] lis pendens notice on the ground that the underlying case lacks merit." *Mitchom v. Holloway*, No. 1:21-CV-02727-VMC, 2022 WL 18780111, at *4 (N.D. Ga. June 17, 2022); *see Karpinski v. J.W. Hunt Produce Co., Inc.*, No. 805CIV358T17MAP, 2005 WL 8160179, at *5 (M.D. Fla. Apr. 7, 2005) (noting that, under Florida law, a lis pendens proponent "need not show a substantial likelihood of success on the merits, but needs to show a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit") (cleaned up). The Court agrees with other courts that have concluded "the issue of expunging a *lis pendens* is collateral to issues determined in the underlying

action and does not fall within the limitation on jurisdiction when an appeal has been taken." *In re Weston*, 110 B.R. 452, 459 (E.D. Cal. 1989), *aff'd*, 967 F.2d 596 (9th Cir. 1992); *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM, 2011 WL 6097721, at *1 (E.D. Cal. Nov. 29, 2011) ("A trial court is generally divested of jurisdiction when a matter is on appeal unless the decision is a collateral matter such as the expungement of a *lis pendens*.") (cleaned up).

With the Court's jurisdiction established, the Court turns to the merits of the motion to discharge. Florida Statutes section 48.23(1), as relevant here, provides that "an action in any of the . . . federal courts in this state operates as a lis pendens on any real . . . property" that is involved in or affected by that action, but "only if a notice of lis pendens is recorded in the official records of the county where the property is located." Fla. Stat. § 48.23(1)(a). If that notice, however, is expired under the terms of subsection (2) of the statute, or is otherwise "withdrawn or discharged," that "action" no longer "operates as a lis pendens" on the property. *Id.* Subsection (2), in turn, provides that, with certain exceptions (none of which is applicable here), a "notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time . . . , except when the court extends the time of expiration on reasonable notice and for good cause." Fla. Stat. § 48.23(2).

The Buyer acknowledges, albeit in its reply, that the Sellers' lis pendens has expired. (Buyer's Reply at 2, n. 1.) It appears the Buyer is correct: to the extent the lis pendens is premised on the appellate "action"—which, by its own terms, it appears to be—that action was commenced on November 3, 2023. Accordingly, since it is now "beyond 1 year from the commencement of [that] action," and the Sellers have not obtained or ever even requested an extension, the lis pendens is now expired and therefore no longer "effectual for any purpose."[1] Fla. Stat. § 48.23(2). Other than the Buyer's vague concern that, even when expired, the lis pendens "may serve as a cloud on title from a title company's perspective," neither party offers any analysis as to how the expiration of the lis pendens affects the Buyer's request for discharge. (Buyer's Reply at 2, n. 1.)

Regardless, upon conducting its own review, the Court finds the expiration moots the Buyer's motion. "[A]llowing or requiring a court to discharge every lis pendens registered with the clerk after the time that the statute notes it has already expired, finds no support in the law and obviously undermines the language in the statute that specifically states that the lis pendens no longer has

---

[1] The Buyer submits that the lis pendens expired on July 25, 2025, one year after the notice itself was filed, on July 24, 2024. Ultimately the Court need not determine whether the lis pendens expired on July 25, 2025, or November 3, 2024: all that matters, for current purposes, is that there is no dispute, on this record, that the lis pendens has expired.

any effect for any purpose." *Axos Clearing LLC v. Reynolds*, No. 1:19-CV-20979, 2022 WL 6494881, at *1 (S.D. Fla. July 5, 2022) (Becerra, Mag. J), *rep. and rec. adopted,* No. 19-CIV-20979-RAR, 2022 WL 6495578 (S.D. Fla. July 20, 2022) (Ruiz, J.). The Buyer's inchoate fear that a hypothetical title company might perceive an expired lis pendens, whether its initial filing was warranted or not, as a cloud on the Buyer's title, is insufficient to persuade the Court otherwise. Accordingly, the Court **denies** the Buyer's motion (**ECF No. 226**), including its request for a fee award, **as moot**. *See Cole v. Cole*, 937 So. 2d 261, 262 (Fla. Dist. Ct. App. 2006) ("We dismiss the petition directed at the dissolution of the lis pendens as moot, because the lis pendens at issue expired on June 21, 2006, one year after it was filed.")

**Done and ordered** in Miami, Florida, on August 27, 2025.

Robert N. Scola, Jr.
United States District Judge